105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
BETTI ROWBAL, Defendant-Appellant.
 No. 96-10051.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Dec. 31, 1996.
 
 Before: CHOY, REAVLEY* and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Betti Jo Rowbal entered a plea of guilty to two counts of involuntary manslaughter in violation of 18 U.S.C. §§ 1112, 1151, and 1153. At sentencing, the district court departed upward two levels for the differing nature of Rowbal's specific conduct and another two levels based on the inadequacy of the Guidelines' grouping adjustment for multiple deaths when applied to two counts of DUI manslaughter. Rowbal appeals the district court's four-level upward departure. We affirm.
 
 
 3
 The convictions stem from an alcohol related accident on the Walker River Indian Reservation in which Rowbal killed two people. According to the Presentence Investigation Report, Rowbal was driving 60-68 miles per hour on Hospital Road, a well-traveled, 25-mile-an-hour zone surrounding a hospital complex. The hospital complex includes a day care center. Tests showed that Rowbal's blood alcohol level was .225, more than twice the legal threshold level of .10. Several individuals reported having to take evasive measures to avoid contact with Rowbal's vehicle, one car being forced to leave the road entirely. Rowbal eventually crossed over the center line and killed Tara Potts and Jason McKay.
 
 
 4
 In the Presentence Investigation Report, Rowbal's combined adjusted offense level was set at 16: a base offense level of 14 for reckless manslaughter under § 2A1.4 of the Sentencing Guidelines plus two points for the second count of manslaughter under § 3D1.4. Rowbal received a three-point decrease for acceptance of responsibility for a total offense level of 13. With a Criminal History Category of I, Rowbal's guideline range was 12-18 months.
 
 
 5
 In departing upward four levels, the district court found that the Sentencing Commission had not adequately considered two factors present in the case, namely the extreme nature of Rowbal's conduct and the inadequacy of the Guidelines' grouping rules when applied to these circumstances, and that these factors removed the case from the "heartland" of typical cases. The court found that each of these factors called for a two-level upward departure for a total increase of four levels. The court sentenced Rowbal to 30 months of incarceration, the highest sentence in the guideline range.
 
 
 6
 Appellate review of a district court's departure from the Sentencing Guidelines is for abuse of discretion. Koon v. United States, 116 S.Ct. 2035, 2046-48 (1996); United States v. Beasley, 90 F.3d 400, 402-03 (9th Cir.1996).
 
 
 7
 The sentencing court may make an upward departure when there "exists an aggravated circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). The Sentencing Commission did not adequately take into consideration atypical cases, and "factors that may make a case atypical provide potential bases for departure." Koon, 116 S.Ct. at 2044.
 
 
 8
 As a basis for the first two-level departure, the district court found that Rowbal's extreme intoxication, reckless conduct and callous disregard for the safety of others removed this case from the heartland of typical situations contemplated by the Guidelines. Rowbal argues that the Sentencing Commission considered inebriation and impaired driving when it formulated § 2A1.4 and that this case is not atypical. In support of this argument, Rowbal points to the Application Notes following § 2A1.4 which classify homicides resulting from drunk driving as reckless as opposed to criminally negligent, thus automatically triggering a four-level increase.
 
 
 9
 A court may depart on the basis of a factor already considered by the Commission in formulating the guidelines "if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." 1995 U.S.S.G. § 5K2.0. Although drunkenness and recklessness were considered by the Commission when it formulated § 2A1.4, in the instant case, these factors were present to an exceptional degree. The guideline does not recognize the varying degrees of intoxication as one climbs up the blood alcohol scale nor does it recognize the graduated levels of endangerment to the community. Rowbal's conduct was so extreme and outrageous as to remove it from the heartland of typical cases. The district court did not abuse its discretion by departing upward two levels based on Rowbal's specific conduct.
 
 
 10
 The district court departed upward another two levels based on its finding that the grouping rules regarding multiple counts contained in § 3D1.4 were inappropriate when applied to the facts of this case. When combined with a Criminal History Category of I, Rowbal's base offense level of 14 results in a sentencing range of 15-21 months. Under the grouping rules, Rowbal's base offense level is increased by two points for the second count of manslaughter, resulting in an adjusted guideline range of 21-27 months. The district court found that an additional six months of incarceration was grossly inadequate to account for the loss of a second life. Rowbal argues that the Commission fully considered the prospect of multiple deaths when it formulated § 3D1.4.
 
 
 11
 There is no question that the Commission considered the loss of more than one life when it formulated the grouping rules for multiple counts. However, the Commission also anticipated rare circumstances where the rules could produce an adjustment which is either inadequate or excessive. Commentary to § 3D1.4 states:
 
 
 12
 Situations in which there will be inadequate scope for ensuring appropriate additional punishment for the additional crimes are likely to be unusual and can be handled by departure from the guidelines.
 
 
 13
 Furthermore, death is an encouraged factor for upward departure under the Guidelines. § 5K2.1. Such a factor may justify a departure if it "is present to a degree substantially in excess of that which ordinarily is involved in the offense." § 5k2.0 A court may depart based on an encouraged factor already taken into consideration by the Commission where "the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Koon, 116 S.Ct. at 2045. When considering death as a departure factor, the court looks not only to the actual loss of life, but also to whether multiple deaths occurred, the means by which life was taken, and the dangerousness of the conduct. § 5K2.1.
 
 
 14
 Rowbal's reckless endangerment of others and her callous disregard for human life make this case different from the ordinary. Two people were tragically killed as a result of Rowbal's conduct but her punishment, under the grouping rules, was increased only slightly for the loss of the second life. The district court did not abuse its discretion in finding that the adjustment was inadequate under the circumstances and departing upward two levels.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3